**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

WELLS FARGO BANK, NATIONAL ASSOCIATION,

Plaintiff,

v. CV 112-004

COLUMBIA HARDWOODS & FLOORS, INC., KENNETH G. HUNNICUTT, CHARLES R. MARKS, and JANET SAPP MARKS,

Defendants.

**O R D E R**

Presently pending before the Court is Plaintiff's Motion for Default Judgment. (Doc. no. 26.) For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

This case arises from the execution and delivery of three promissory notes by Defendant Columbia Hardwoods & Floors, Inc. ("Columbia Hardwoods") to Wachovia Bank, National Association ("Wachovia"). (Compl. ¶¶ 10, 13, 16.) Pursuant to the terms of the promissory notes, Wachovia advanced funds to Columbia Hardwoods totaling approximately $612,000.00 in principal. (Id.)

In exchange for the first note, executed on July 17, 2009, Wachovia extended Columbia Hardwoods a loan in the principal amount of $300,000.00 (the "first promissory note"). (Id. ¶ 10.) In exchange for the second note, executed on November 20, 2009, Wachovia extended Columbia Hardwoods a loan in the principal amount of $150,000.00 (the "second promissory note"). (Id. ¶ 13.) In exchange for the third note, executed on July 17, 2009, Wachovia extended Columbia Hardwoods a loan in the principal amount of $162,125.00 (the "third promissory note"). (Id. ¶ 16.) On July 17, 2009, all three promissory notes were personally, and jointly and severally, guaranteed by Columbia Hardwoods' president, Kenneth B. Hunnicutt (the "Guaranty"). (Id. ¶¶ 19, 21.) On the same day, Defendant Charles R. Marks entered into a similar guaranty. (Id. ¶ 21.)

On March 20, 2010, Wachovia merged into Wells Fargo Bank, National Association ("Plaintiff"). (Id. ¶ 23.) Thereafter, Plaintiff became the holder and successor in interest to all rights to the loan agreements entered into with Columbia Hardwoods, Mr. Hunnicutt, and Mr. Marks. (Id. ¶ 24.)

After payment on the promissory notes became due and payable, Plaintiff demanded that Columbia Hardwoods pay the full outstanding principal balance along with interest and other fees owed. (Id. ¶¶ 26, 32, 38.) Plaintiff notified Columbia Hardwoods of this obligation in May of 2011 and again in December of 2011. (Id.) Columbia Hardwoods, however, defaulted

on its obligation to pay the principal, interest, and late fees in accordance with the promissory notes. (Id. ¶¶ 28, 33, 40.)

Plaintiff subsequently demanded that Mr. Hunnicutt, in accordance with the terms of the Guaranty, immediately pay the outstanding principal balances owed under the promissory notes, along with interest accrued and other fees. (Id. ¶¶ 45, 46.) Mr. Hunnicutt, like Columbia Hardwoods, failed to discharge his obligations in accordance with the three promissory notes and the Guaranty. (Id. ¶ 47.) During this time, Plaintiff also demanded full payment from Mr. Marks under the terms of his guaranty of the three promissory notes. (Id. ¶¶ 53, 54.) Mr. Marks failed to discharge his obligations, and no payment was made. (Id. ¶ 55.)

On January 10, 2012, Plaintiff filed suit against Columbia Hardwoods, Mr. Hunnicutt, Mr. Marks, and Janet Sapp Marks in connection with the defaults on the three promissory notes and guaranty agreements. (Doc. no. 1.) On June 20, 2012, the Clerk entered default against Mr. Hunnicutt. (Doc. no. 19.) On June 21, 2012, the parties, excluding Mr. Hunnicutt, filed a stipulation of dismissal without prejudice of the fraudulent transfer claims against the Marks Defendants, as well as a Joint Motion to Approve a Consent Judgment. (Doc. nos. 21, 22.)

Accordingly, on July 2, 2012, the Court approved the Consent Judgment and directed the Clerk to enter judgment in favor of Plaintiff and against Defendants Columbia Hardwoods and

Charles R. Marks in the amount of $507,233.39 to fully dispose of the claims against those Defendants.[1] (Doc. no. 23.) The fraudulent transfer claims against the Marks Defendants were dismissed without prejudice pursuant to the stipulation of dismissal. (Id.) The Court further ordered that the claims against Mr. Hunnicutt were to proceed. (Id.)

Thereafter, on July 16, 2012, Plaintiff filed the current Motion for Default Judgment against Mr. Hunnicutt.[2] (Doc. no. 26.) Plaintiff asserts that, pursuant to Federal Rule of Civil Procedure 55(b), the Court should enter a default judgment against Mr. Hunnicutt on Plaintiff's claim for breach of the Guaranty and promissory notes.

## II. DISCUSSION

"Defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for a judgment entered . . . . The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Nishimatsu Constr. Co. v.

[1] At this time, Mr. Marks and Columbia Hardwoods have made payments in the amount of $54,822.45 in partial satisfaction of the Amended Judgment (doc. no. 25). These amounts were applied to the first promissory note and Mr. Hunnicutt's guaranty of the same. (Second Ernst Aff. ¶¶ 9-11.)

[2] The Court notes that Mr. Hunnicutt was originally served with the Complaint on May 4, 2012 (doc. no. 15), but he never responded in any way to this action. On June 20, 2012, default was entered against Mr. Hunnicutt. (Doc. no. 19). When the motion for default judgment was filed, Plaintiff provided the motion and attached affidavit to Mr. Hunnicutt via the United States Postal Service. (See Doc. no. 26 at 3; Ex. 1 at 5; Ex. 2 at 3.) Thus, the Court is satisfied that Mr. Hunnicutt has sufficient notice of the default proceedings against him.

Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] A defendant, by his default, is only deemed to have admitted the "plaintiff's well-pleaded allegations of fact." Id. "[T]hree distinct matters [are] essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages." Pitts ex rel. Pitts v. Senecar Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

**A. Jurisdiction**

The parties in this case are diverse and the amount in controversy exceeds $75,000. Thus, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Moreover, this Court has personal jurisdiction over Mr. Hunnicutt because he is a resident of Georgia.

**B. Liability**

Based on Plaintiff's allegations and the evidence of record, the Court is satisfied that the well-pleaded allegations of the Complaint state a cause of action against Mr. Hunnicutt and that there is a substantive, sufficient basis in the pleadings for the relief Plaintiff seeks. The evidence submitted by Plaintiff includes exhibits attached to the original Complaint (doc. no. 1, Exs. A, B, C (Promissory Notes); Ex. D (Guaranty); Exs. F, G (Notices of Default)) and the Affidavits of Marcia M. Ernst, counsel of record for Plaintiff

[3] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

(doc. no. 26, Ex. 1 ("First Ernst Aff."); doc. no. 29 ("Second Ernst Aff.")).

This record reveals that Columbia Hardwoods was in default under the three promissory notes. Plaintiff notified Mr. Hunnicutt by certified correspondence that the promissory notes were in default and demanded immediate payment of all amounts due and owing pursuant to the terms of the promissory notes and Guaranty. (Doc. no. 1, Exs. F, G.) Mr. Hunnicutt failed to pay those amounts as required by the Guaranty.

Where, as here, the record shows that the Guaranty was duly executed by Mr. Hunnicutt and that he is in default of his obligations under that Guaranty, a prima facie right to judgment as a matter of law is established. See Secured Realty & Inv., Inc. v. Bank of N. Ga., 314 Ga. App. 628, 629 (2012). Accordingly, the Court finds that, based on the well-pleaded allegations in the Complaint and record evidence, Mr. Hunnicutt has defaulted under the terms of the Guaranty and that Mr. Hunnicutt is liable to Plaintiff for that breach.

**C. Damages**

Notwithstanding the propriety of default judgment against Mr. Hunnicutt, it remains incumbent on Plaintiff to prove its damages. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages."

Whitney Nat'l Bank v. Flying Tuna, LLC, No. 11-0249, 2011 WL 4702916, at *3 (S.D. Ala. Oct. 4, 2011). Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award).

Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages."[4] Id. at 1232 n.13. Because this Court has all the relevant evidence to consider damages without holding an evidentiary hearing, the Court will determine damages at this time.

Plaintiff shows that on July 17, 2009, Mr. Hunnicutt executed the Guaranty in Plaintiff's favor that unconditionally guaranteed the payment and performance of all liabilities and obligations of Columbia Hardwoods to Plaintiff, however and

[4] No party has a requested an evidentiary hearing on damages in this case.

whenever incurred. (Doc. no. 1, Ex. D ("Guarantor hereby absolutely, irrevocably and unconditionally guarantees to [Wachovia] and its successor, assigns and affiliates the timely payment and performance of all liabilities and obligations of agreements, security agreements, letters of credit, instruments, accounts receivable, contracts, drafts, leases, chattel paper, indemnities, acceptances, repurchase agreements, overdrafts, and the Loan Documents, as defined below, and all obligations of [Columbia Hardwoods] to [Wachovia] or any of its affiliates under any swap agreement . . ., however and whenever incurred or evidenced . . . .").) Plaintiff likewise shows that Columbia Hardwoods defaulted on the Promissory Notes by failing to make payments due and owing and that Mr. Hunnicutt subsequently defaulted on his obligations under the Guaranty by failing to make those payments as guaranteed. (First Ernst Aff. ¶ 8.)

Plaintiff's evidence is that the total principal balance due and owing on the first promissory note is **$171,449.71**[5], accrued interest is due in the amount of **$12,051.76**, and late fees are due in the amount of **$519.60**. (Second Ernst. Aff. ¶ 15(a).) The total principal balance due and owing on the second promissory note is **$140,494.49**, accrued interest is due in the

[5] This amount reflects credit for the October 3, 2012 and October 5, 2012 payments totaling $54,822.45, made in partial satisfaction of the Amended Judgment entered in this case on July 3, 2012 against Defendants Columbia Hardwoods and Charles R. Marks (doc. no. 25). These payments were applied to the first promissory note and Mr. Hunnicutt's guaranty of the same. (See Second Ernst. Aff. ¶¶ 9-11, 15(a).) No other payments have been made on the Amended Judgment.

amount of **$7,317.42,** and late fees are due in the amount of **$297.52.** The total principal balance due and owing on the third promissory note is **$101,337.72,** accrued interest is due in the amount of **$5,929.93,** and late fees are due in the amount of **$1,122.72.** Mr. Hunnicutt guaranteed the payment of all of these amounts through the Guaranty and breached that promise by failing to make any such payments. As such, Plaintiff is entitled to entry of default judgment against Mr. Hunnicutt in the sum of **$440,520.87,** representing the total amount of all principal, accrued interest, and late fees on the three promissory notes due to this date.

**D. Attorney's Fees**

Additionally, pursuant to O.C.G.A. § 13-1-11, and the terms of the Guaranty and promissory notes, Plaintiff is entitled to reasonable attorney fees. Upon deficiency, the holder of a note or other evidence of indebtedness is required to notify the debtor of the obligation of attorney fees as agreed upon by the parties. O.C.G.A. § 13-1-11(a)(3). If the note or other evidence of indebtedness provides for payment of reasonable attorney fees, without specifying any specific percentage, "such provisions shall be construed to mean fifteen percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and ten percent of the amount of the principal and interest owing thereon in excess of $500.00." O.C.G.A. § 13-1-11(a)(2).

In this case, Plaintiff notified Defendants of their obligation of attorney's fees in writing. (Compl. ¶¶ 61, 62.) Hunnicutt agreed in the Guaranty to pay reasonable attorney's fees in the collection of any outstanding amounts, but the Guaranty did not set a specific percent. Therefore, applying the above statutory formula, Plaintiff is entitled to recover attorney fees, as of January 7, 2013, in the amount of **$43,933.10** under the Guaranty and three promissory notes.[6]

## IV. CONCLUSION

Based upon the foregoing, Plaintiff's motion for default judgment (doc. no. 26) is **GRANTED**. The Clerk is instructed to enter judgment in favor of Plaintiff and against Mr. Hunnicutt in the total amount of **$484,453.97**.[7] To the extent any payments are hereafter made in satisfaction of (1) the Amended Judgment entered in this case against Defendants Columbia Hardwoods and Mr. Marks (doc. no. 25) or (2) the default judgment entered against Mr. Hunnicutt, any such payments will be credited toward satisfaction of both judgments to the benefit of all Defendants.

[6] The statutory formula is applied as follows: (1) 15% of the first $500.00 of principal and interest owed on the note or other evidence of indebtedness, totaling **$225.00** for the three promissory notes; (2) 10% of the remaining balance of principal and interest owed on the Promissory Notes ($437,081.03), totaling **$43,708.10**; (3) Add the amounts from (1) and (2) to equal **$43,933.10**, the total amount of attorney's fees owed to Plaintiff.

[7] This amount accounts for the total of all principal, accrued interest, and late fees on the three promissory notes due to this date, totaling **$440,520.87**, and for the attorney's fees due under the Guaranty and three promissory notes, totaling **$43,933.10**.

Finally, the Clerk is **DIRECTED** to **TERMINATE** all deadlines and motions, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 7th day of January, 2013.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA